**NOT FOR PUBLICATION**  **CASE CLOSED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORENZO SOTO, <br><br> Plaintiff, <br><br> v. <br><br> JOEL TRELLA, JOHN DUFFY, MICHAEL WEINGRIN, RALPH TURRE, and BERGEN COUNTY JAIL, <br><br> Defendants. | Civil Action No. 03-1098 (SDW) <br><br><br> OPINION <br><br><br><br> December 6, 2007 |

**WIGENTON**, District Judge.

Before this Court is Defendants' Motion for Summary Judgement pursuant to Federal Rule of Civil Procedure 56(c). The Court, having considered the parties' submissions and having decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth below, **GRANTS** the motion.

**I.    JURISDICTION AND VENUE**

This Court has original jurisdiction over the Federal claims pursuant to 28 U.S.C. § 1343 as the claims arise under 42 U.S.C. § 1983 and the First, Eighth, and Fourteenth Amendments. Venue is proper pursuant to 28 U.S.C. § 1391(a).

**II.   BACKGROUND and PROCEDURAL HISTORY**

Plaintiff *pro se* Lorenzo Soto ("Plaintiff") is a prisoner confined in Bergen County Jail. (Am. Compl. ¶ 3.) He alleges, *inter alia*, that Defendants deprived him of his First, Eighth, and

1

Fourteenth Amendment rights. (Am. Compl. ¶¶ 15-16, 24-26.) Specifically, he alleges that Bergen County Jail Corrections Officer Weingrin ("Defendant Weingrin") entered his cell on or about March 24, 2003, and "brutally beat [him]," while Bergen County Jail Corrections Officer Turre ("Defendant Turre") ignored his calls for help. (Am. Compl. ¶¶ 10-12.) Plaintiff further alleges that Defendants Weingrin and Turre subsequently ignored his requests for medical attention, causing him "to suffer fear, mental anguish and pain radiating through his head, neck and shoulders." (Am. Compl. ¶ 13.) Plaintiff also alleges that between March 25, 2003 and July 9, 2003, he filed a number of Inmate Grievance Complaints against Defendants Weingrin and Turre alleging harassment and use of racial slurs. (Am. Compl. ¶ 18-23.) Plaintiff alleges that Defendants Weingrin and Turre retaliated against him for these grievances by using threatening language and subjecting him to physical assault. (Am. Compl. ¶¶ 24-25.) Plaintiff further alleges that he submitted a number of handwritten memoranda to Bergen County Jail Warden Duffy ('Defendant Duffy") and Bergen County Sheriff Trella ("Defendant Trella") describing the alleged beatings and harassment, indicating that he feared for his safety, and requesting protection, but has yet to receive any response. (Am. Compl. ¶¶ 28-29.)

On September 16, 2003, Plaintiff filed the instant complaint alleging that Defendants deprived him of his First, Eighth, and Fourteenth Amendment rights. Defendants now move for summary judgment on the Amended Complaint. Plaintiff filed opposition on October 19, 2007, and Defendants filed a reply on November 19, 2007.[1]

---

[1] Plaintiff's opposition alleges a claim of "failure to protect plaintiff from other inmates." (Pl.'s Opp'n 1.) As this claim is not alleged in Amended Complaint, the Court declines to consider it as part of the instant motion.

### III.  LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant; it is material if under the substantive law, it is outcome-determinative. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant has the initial burden to demonstrate that there is no genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The movant must "present a factual scenario without any unexplained gaps." *Nat'l State Bank v. Fed. Reserve Bank of New York*, 979 F.2d 1579, 1581 (3d Cir. 1992). Moreover, where the movant is the defendant, or the party that does not have the burden of proof on the underlying claim, it "has no obligation to produce evidence negating its opponent's case." *Id.* Rather, the movant can simply "point to the lack of any evidence supporting the non-movant's claim." *Id.* Once the movant has carried its burden under Rule 56(c), the opposing party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). If the opposing party fails to do so, "summary judgment, if appropriate, shall be entered against the [non-movant]." Fed. R. Civ. P. 56(e). In determining whether there is a genuine issue of material fact, the Court may not weigh the evidence or determine the truth in the matter. *Anderson*, 477 U.S. at 249. Moreover, the Court must draw all reasonable inferences in favor of the non-movant. *Id.* at 255.

## IV. DISCUSSION

Actions arising under 42 U.S.C. § 1983 require a plaintiff to allege (1) the deprivation of a right secured by the Constitution or laws of the United States, (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff alleges claims of excessive force, denial of medical care, and retaliation in violation of his First and Eighth Amendment rights.[2] Defendants argue that Plaintiff's claims are barred because they are entitled to qualified immunity under *Harlow v. Fitzpatrick*, 457 U.S. 800 (1982). As a threshold matter, however, this Court holds as a matter of law that Plaintiff has presented no evidence other than his own self-serving testimony that Defendants have violated his First and Eighth Amendment rights. Therefore, the Court will address each of Plaintiff's civil rights claims below individually and solely on the record before the Court.

### A. Plaintiff's excessive force claims

Plaintiff alleges that Defendant Weingrin used excessive force against him in violation of his Eighth Amendment rights. The Eighth Amendment prohibits the unnecessary and wanton infliction of pain. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Where the claim is one of excessive force, the Court's inquiry is limited to determining "'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (citation omitted). The following factors are relevant to the ultimate determination of whether force was used in "good faith" or "maliciously and sadistically":

---

[2] Plaintiff also alleges that the March 24, 2003 incident violated his Fourteenth Amendment rights. As Plaintiff is not a pre-trial detainee or a convicted but unsentenced prisoner, his claim is cognizable only under the Eighth Amendment. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243-45 (1983); *Hubbard v. Taylor*, 399 F.3d 150, 158 (3d Cir. 2005).

> 1) "the need for the application of force"; (2) "the relationship between the need and the amount of force that was used"; (3) "the extent of injury inflicted"; (4) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them"; and (5) "any efforts made to temper the severity of a forceful response."

*Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley*, 475 U.S. at 321). As a threshold matter, a jury must first be reasonably able to conclude that force was in fact used. Plaintiff identified five eyewitnesses to the alleged beating.[3] Plaintiff alleged that one of these witnesses, Michael Darrigo, signed a statement of his account of the putative incident. When presented with the statement, however, Mr. Darrigo denied the signature to be his and further disavowed having any knowledge of the alleged beating, or for that matter, any instance where Defendants had physically assaulted Plaintiff. Additionally, Bergen County Jail maintains an extensive written record of Grievance Logs, Daily Log Reports, Disciplinary Reports, and Investigation Reports. Nowhere in these records does it indicate that Defendants used force against Plaintiff when they entered his cell. In the absence of an eyewitness account, corroborating documentation or other supporting evidence, Plaintiff has only his own self-serving testimony, which is not sufficient for the purposes of summary judgment. In light of the foregoing and the lacking record presented by Plaintiff, no jury could reasonably find that Defendants violated Plaintiff's Eighth Amendment right against excessive use of force during the March 24, 2003 incident. Summary judgment is therefore awarded to Defendants on Plaintiff's Eighth Amendment excessive force claim as no genuine issue of material fact exists.

---

[3] These witnesses include inmates Brian Sullivan, Michael Darrigo, Michael Wagner, F. McMillian, and Ryaheen Butler. All but Mr. Darrigo could not be located despite the diligent and concerted efforts of counsel.

B.   **Plaintiff's denial of medical care claim**

Plaintiff alleges that during the March 24, 2003 incident, Defendants Weingrin and Turre intentionally ignored his requests for medical attention in violation of the Eighth Amendment. The Eighth Amendment requires prison officials to provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). To prevail on an Eighth Amendment denial of medical care claim, an inmate must allege: (1) a serious medical need, and (2) deliberate indifference to such need by prison officials. *Id.* at 106. A "serious medical need" is one that a physician has diagnosed as requiring treatment; one that is so obvious that a layperson would recognize as requiring a doctor's attention; or one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (citations omitted). "Deliberate indifference" is a state of mind equivalent to reckless disregard of a known risk of harm, rather than mere malpractice or negligence. *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994). The Third Circuit has found deliberate indifference where a prison official had knowledge of a prisoner's need for medical care but intentionally refused to provide it, delayed treatment for non-medical reasons, or otherwise prevented the prisoner from receiving needed or recommended treatment. *Rouse v. Plantier*, 182 F.2d 192, 197 (3d Cir. 1999).

On the current record, Plaintiff has not established that he suffered any injury, much less one that amounts to a "serious medical need." The Amended Complaint alleges that on March 24, 2003, Defendant Weingrin "began to bang [Plaintiff's] head against the concrete wall" and continued thereafter to "brutally beat" him. (Am. Comp. ¶ 11.) The Amended Complaint further alleges that Defendants Weingrin and Turre ignored Plaintiff's subsequent pleas for medical

attention. (Am. Comp. ¶ 14.) Nothing in the record, however, supports either contention. Bergen County Jail maintains an extensive written record of Grievance Logs, Daily Log Reports, Disciplinary Reports, and Investigation Reports. Nowhere in these materials is there any report that Plaintiff suffered from "intense pain and injury." In fact, the only record in this vein shows that Plaintiff visited the infirmary on March 26, 2003, for which an examining nurse provided him Tylenol. (Def.'s Mot. ¶ 2m.) In light of the vicious attacks that Plaintiff alleges and describes, and the lack of supporting evidence as to either an assault or an injury, Plaintiff's contentions cannot stand on mere allegations.[4] As no genuine issue of material fact exists as to Plaintiff's Eighth Amendment denial of medical care claims, Defendants are awarded summary judgment as no jury could reasonably find that Defendants violated Plaintiff's right to medical care.

C.   **Plaintiff's retaliation claims**

Plaintiff alleges that Defendants Weingrin and Turre retaliated against him for filing grievances against them, in violation of his First Amendment rights. "Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution . . . ." *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990). To prevail on a First Amendment retaliation claim, plaintiff must establish that (1) he engaged in constitutionally-protected activity; (2) he suffered adverse action by a state actor; and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir.

---

[4] As there is no evidence that Plaintiff had a "serious medical need," the Court need not address whether Defendants engaged in deliberate indifference thereto.

7

2000)). Plaintiff bears the burden of establishing the third element–the causal nexus between the exercise of a constitutional right and the state actor's adverse action. *Id.* "[O]nce a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Id.* at 334.

The record clearly demonstrates that Plaintiff cannot establish the third element–that the constitutionally-protected activity was a "substantial or motivating factor" in Defendants' decision to impose the alleged adverse actions.[5] Between March 25, 2003, and July 9, 2003, Plaintiff filed a number of grievances, and civil and criminal complaints against Defendants Weingrin, Turre, Trella, and Duffy. Plaintiff has identified three incidents when Defendants allegedly took retaliatory action against him as a consequence of these constitutionally-protected activities. On March 25, 2003, Defendant Weingrin allegedly entered Plaintiff's cell and indicated he would file false disciplinary charges against Plaintiff in retaliation for his previous grievances. (Am. Compl. ¶ 18.) On March 28, 2003, Defendant Weingrin allegedly used racial obscenities against Plaintiff and revoked his recreation time. (Am. Compl. ¶ 20.) And on June 20, 2003, Defendant Turre allegedly threatened Plaintiff's life if he did not cease filing

---

[5] Plaintiff clearly satisfies the first element, as prisoners have a constitutionally-protected right to file grievances and lawsuits against prison officials. *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir.2003); *Allah v. Seiverling*, 229 F.3d 220, 224 (3d Cir.2000). Plaintiff also satisfies the second element. An adverse action is action that is retaliatory conduct "sufficient to deter a person of ordinary firmness from exercising" his constitutional rights. *Allah*, 229 F.3d at 225. Plaintiff alleges that he suffered "adverse action" in the form of "physical assault, threatening behavior and harassment" by Defendants Turre and Weingrin after he filed his grievances. (Am. Compl. ¶ 25.) For instance, Plaintiff alleges that after he filed a grievance on April 2, 2003, Defendant Weingrin used racist and offensive language towards Plaintiff and deprived Plaintiff of recreation time. (Am. Compl. ¶ 20.)

8

grievances against him. (Am. Compl. ¶ 23.) Defendants summarily deny making any such threats or using racial obscenities, and instead argue that any "retaliatory action" taken against Plaintiff was a consequence of his repeated penological transgressions. The Court agrees.

Defendant Jail's Inmate Rule Book explicitly prohibits, *inter alia*, refusing to comply with an order, using abusive or obscene language to a staff member, engaging in conduct that disrupts or interferes with the safety or orderly operation of the facility, and being in an unauthorized area. The record demonstrates that on numerous occasions during the period in question, Plaintiff was found to have repeatedly violated these provisions. By way of example, on March 22, 2003, several officers found a 24-26 inch braided wire concealed in Plaintiff's cell (Def.'s Mot. ¶ 2g); on March 30, 2003, Defendant Turre cancelled Plaintiff's recreation time after he refused to stop yelling and banging his cell door (Def.'s Mot. ¶ 2p); on April 22, 2003, a prison committee transferred Plaintiff into Administrative Separation because he had been convicted of five major disciplinary convictions (Def.'s Mot. ¶ 2t); and on at least three separate occasions from April 22, 2003 to April 29, 2003, Plaintiff yelled sexual and profane expletives at prison guards (Def.'s Mot. ¶¶ 2u-w). These incidents are emblematic of Plaintiff's perpetually disruptive and unruly conduct during his incarceration. The purported retaliatory actions by Defendants were plainly made in accordance with standard operating procedures and necessary to the safe and orderly operation of the facility. Furthermore, Plaintiff has failed to substantiate or even set forth minimally corroborating evidence of the incidents that he alleges as retaliation. As no genuine issue of material fact exists as to Plaintiff's First Amendment retaliation claims, Defendants are awarded summary judgment as no jury could reasonably find that Defendants retaliated against Plaintiff for exercising his constitutionally-protected rights.

D.   **Plaintiff's claims against Defendants Duffy and Trella**

Plaintiff alleges that he submitted a number of handwritten memoranda to Defendants Duffy and Trella indicating that he feared for his safety and requesting protection, but received no responses thereto. Plaintiff's allegations, however, fail to state a claim upon which relief can be granted as they are not cognizable as either a common law, statutory, or constitutional claim. As a result, Defendants Duffy and Trella are awarded summary judgment as to Plaintiff's claim against them.[6]

V.   **CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c) is hereby **GRANTED**. Plaintiff's Complaint is dismissed in its entirety with prejudice and the Clerk of the Court shall remove this case from the Court's active docket.

**SO ORDERED.**

s/Susan D. Wigenton, U.S.D.J.

cc: Judge Madeline Cox Arleo

---

[6] The Court notes that the motion record indicates that Defendants, pursuant to their standard operating procedures, investigated and answered Plaintiff's numerous allegations and determined that they were either without merit or fabricated. *See* (Def.'s Mot. 34-35.)

10